UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TATIANA KENNEDY,<br><br>    Plaintiff,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>    Defendant. | Case No. 3:21-cv-00203<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

To: The Honorable Eli J. Richardson, District Judge

## REPORT AND RECOMMENDATION

On August 15, 2022, the Court ordered pro se Plaintiff Tatiana Kennedy to show cause by August 29, 2022, why the Magistrate Judge should not recommend that this action be dismissed for failure to prosecute after Kennedy failed to participate in a pro bono mediation ordered by the Court. (Doc. No. 32.) Kennedy has not responded to the Court's show-cause order. For the reasons that follow, the Magistrate Judge will recommend that the Court dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b).

### I.    Factual and Procedural Background

Kennedy filed a complaint, with the assistance of counsel, in the 20th Judicial District Circuit Court for Davidson County, Tennessee, alleging claims for breach of contract and bad faith refusal to pay under Tenn. Code Ann. § 56-7-105 against Defendant State Farm Fire and Casualty Company. (Doc. No. 1-1.) State Farm removed the action to this Court (Doc. No. 1) and answered Kennedy's complaint (Doc. No. 10).

After the Court entered an initial case management order (Doc. No. 13), Kennedy's counsel filed an unopposed motion to withdraw (Doc. No. 21), which the Court granted (Doc. No. 23). The Court ordered Kennedy to "secure new counsel to file a [n]otice of [a]ppearance or file a notice with this Court that she intends to represent herself pro se" by May 6, 2022. (Doc. No. 23, PageID# 141, ¶ 2.) Kennedy did not do so. On May 26, 2022, the Court ordered Kennedy to show cause by June 9, 2022, why the Magistrate Judge should not recommend that the Court dismiss this action for Kennedy's failure to prosecute her claims. (Doc. No. 26.) The Court warned Kennedy that failure to respond to the show-cause order would likely result in a recommendation of dismissal. (*Id.*)

On June 6, 2022, the Court received a letter from Kennedy stating that she intended to secure new counsel, had not abandoned her claims, and was undergoing serious medical treatment. (Doc. No. 27.) She further stated: "As not to hold up the court, I'd like to offer any type of mediation that will free up the court and to allow my recovery[.]" (*Id.* at PageID# 153.) On June 28, 2022, State Farm filed a motion to dismiss under Rule 41(b) for failure to prosecute, arguing that Kennedy had not complied with the Court's orders.[1] (Doc. No. 28.)

The Court found that Kennedy's letter was "an adequate response to its show-cause order" and further construed the letter "as a request for appointment of a pro bono mediator to assist in reaching an efficient resolution of [t]his matter." (Doc. No. 29, PageID# 159.) The Court identified a pro bono mediator and ordered the parties "to participate in a mediation" and to contact the

---

[1] State Farm did not file a supporting memorandum of law with its motion as required by this Court's Local Rules. *See* M.D. Tenn. R. 7.01(a)(2) (motion and supporting memorandum) (providing that "every motion that may require the resolution of an issue of law must be accompanied by a separately filed memorandum of law citing supporting authorities . . .").

mediator "within 7 days . . to begin [ ] the process of scheduling the mediation." (*Id.* at PageID# 160.)

On August 15, 2022, the mediator filed a report informing the Court that Kennedy had not responded to communications sent by regular mail and certified mail notifying her that the mediation was scheduled for 9:00 a.m. on August 10, 2022, at the Nashville Bar Association offices in Nashville, Tennessee, and had not appeared for the mediation. (Doc. No. 31.) The report further stated that counsel for State Farm contacted the mediator, provided the defendant's mediation statement as requested, and drove to Nashville from Knoxville, Tennessee, to attend the mediation, and that the mediator terminated the mediation after waiting an hour for Kennedy to appear. (*Id.*)

On the same day the mediator filed his report, the Court found that Kennedy's failure to participate in the mediation without communicating with the mediator or the Court violated the Court's order directing the parties to mediate. (Doc. No. 32.) The Court therefore ordered Kennedy to show cause by August 29, 2022, why the Court should not dismiss this action for Kennedy's failure to prosecute her claims. (*Id.*) Kennedy has not responded to the Court's show-cause order.

**II.     Legal Standard**

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute.").

Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "'substantial discretion'" regarding decisions to dismiss for failure to prosecute. *Id.* (quoting *Knoll*, 176 F.3d at 363).

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)); *see also* M.D. Tenn. R. 41.01 (dismissal of inactive cases) (allowing Court to summarily dismiss without prejudice "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party").

### III.     Analysis

Dismissal of this action is appropriate under Rule 41(b) because the four relevant factors, considered under the "relaxed" standard for dismissals without prejudice, show a record of delay by Kennedy.

#### A.     Bad Faith, Willfulness, or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "'display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings.'" *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591). There is no indication that bad faith motivated Kennedy's failure to participate in mediation and failure to respond to the Court's most recent show-cause order. However, "[e]ven where there is no clear evidence of bad faith, failure to respond to a show cause order is indicative of willfulness and fault" for purposes of Rule 41(b). *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018). The first factor therefore weighs in favor of dismissal.

#### B.     Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition

testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds even minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." *Id.* at 740.

Here, counsel for State Farm prepared a mediation statement and traveled from Knoxville to Nashville to attend the court-ordered mediation that was then cancelled because of Kennedy's failure to appear. Stare Farm was therefore required to waste time, money, and effort with respect to the mediation, and the prejudice factor therefore supports dismissal. *See Oleoproteinas Del Sureste, S.A. v. French Oil Mill Mach. Co.*, 202 F.R.D. 541, 547 (S.D. Ohio 2000) (finding that prejudice factor weighed in favor of dismissal for failure to prosecute where defendants "incurred expenses on two occasions to prepare for mediation sessions, only to have the [p]laintiffs cancel them at the last minute"); *see also Pealer v. Lowe's Home Ctrs., LLC*, No. 2:18-CV-194, 2021 WL 137943, at *3 (E.D. Tenn. Jan. 14, 2021) (finding that prejudice factor weighed in favor of dismissal for failure to prosecute where, among other things, "[d]efendant's counsel traveled from Nashville to Knoxville to take [plaintiff's] deposition" and plaintiff did not appear).

C. **Prior Notice**

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). The Court notified Kennedy that it was contemplating dismissal because of her "failure to participate in the pro bono mediation without any communication to [the mediator] or the Court"

and ordered her to show cause "why the Court should not dismiss this action for her failure to prosecute her claims." (Doc. No. 32, PageID# 166–67.) This factor supports dismissal.

### D.     Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits . . . ." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "'more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal'" (quoting *Harmon*, 110 F.3d at 367)).

## IV.    Recommendation

Considering the above four factors, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Rule 41(b) for Kennedy's failure to prosecute.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 15th day of September, 2022.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge